UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Seidy Maria Tiburcio,[1]  )
                          )
        Plaintiff,         )
                          )
    v.                     )  Civil Action No. 18-455 (UNA)
                          )
United States of America et al.,  )
                          )
        Defendants.        )
_____)

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair

---

[1] In addition to the lead plaintiff, Seidy Maria Tiburcio, the complaint lists two other individuals who have not signed the complaint. As a lay person, the lead plaintiff cannot represent any other individual in federal court, 28 U.S.C. § 1654, absent a showing that she is a "duly appointed representative as defined by Federal Rule of Civil Procedure 17(c)(1)," *Lazaridis v. Soc. Sec. Admin.*, 856 F. Supp. 2d 93, 97 (D.D.C. 2012) (citation and internal quotation marks omitted). Accordingly, this action is deemed brought only in the name of Seidy Maria Tiburcio.

1

notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet [Rule 8's] liberal pleading requirement." *T.M. v. D.C.*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013).

Plaintiff has submitted a complaint against the United States, the White House Office, "Congress Merchants," and other non-federal defendants in Massachusetts. Plaintiff begins: "Now comes the Plaintiff . . ., my son . . . and Guillermina Nova filing a brief motion and appendix and moves this Honorable Court to appeal all pending cases." Compl. at 2. The 10-page complaint continues in this largely incomprehensible manner and includes more than 200 pages of various attachments. No discernible claim has been stated. In addition, federal district courts, such as this, lack jurisdiction to review the decisions of other courts. *Prentice v. U.S. Dist. Court for E. Dist. of Michigan, S. Div.*, 307 Fed. App'x 460, 460 (D.C. Cir. 2008) (per curiam); *see id.* (noting that "a challenge to a state court action must proceed through that state's system of appellate review rather than through a federal district court") (citing *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994) (other citations omitted)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against . . . judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,

482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April 24, 2018                                          _____
                                                                             United States District Judge